Fourth Appellate Department, May, 1902. Reported. 73 App. Div. 620.

In the Matter of the Application of PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, for an Order Revoking and Cancelling Liquor Tax Certificate No. 12,899, Issued to FELIX FAMULARO, Appellant.

*Eugene L. Falk,* for appellant.

On September 3d, the liquor tax certificate for appellant's saloon was surrendered for rebate by the Brewing Company; on September 10th he applied for a new certificate and paid the full tax for September. The surrendered certificate should not be revoked. The State received the excise tax on the business conducted.

Penal statutes should be strictly construed. (Am. & Eng. Ency. of Law, p. 57; *Verona Cheese Co.* v. *Murtaugh,* 50 N. Y. 317.) Appellant obtained a certificate the day of the alleged violation and the law does not regard the fractions of a day. (Am. & Eng. Ency. of Law, p. 738; *Glydenburgh* v. *Catheal,* 4 N. Y. 418.) Posting of certificate is merely incidental; *Niles* v. *Mathusa,* 162 N. Y. 546. (*Matter of Barnard* v. *Rivers,* 48 App. Div. 423; *Scalzo* v. *Sackett,* 30 Misc. 543; *People ex rel. Lawton* v. *Lyman,* 33 Misc. 243.)

Petitioner waived his rights to institute proceedings. (*Shapely* v. *Abbott,* 42 N. Y. 443.)

In equity the court should not revoke the certificate because the petitioner instigated any violations committed by appellant. Furthermore by accepting through his special deputy commissioner the excise tax on the appellant's business for September and the balance of the year, well knowing that the appellant had violated the law, the petitioner is estopped. (*Shapely* v. *Abbott,* 42 N. Y. 443.)

*Royal R. Scott,* for respondent.

A sale without a certificate or without having same posted is illegal.

A sale within thirty days after surrender forfeits the right to rebate. (*People ex rel. Miller* v. *Lyman,* 156 N. Y. 407.) Volun-

tary and actual cessation is a prerequisite. (*Matter of Lyman* v. *Fagan*, 26 Misc. 300; *Matter of Mitchell* v. *James*, 41 App. Div. 217; *Matter of Lyman* v. *Texter*, 59 App. Div. 217.)

The payment of back taxes and the procurement of a new certificate as soon as appellant had been caught continuing business after surrendering his old certificate for rebate, does not legalize his traffic and his surrendered certificate was properly revoked.

Order affirmed, with ten dollars costs and disbursements.

All concurred.